Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6815 | **DATE** | 9/20/2001 |
| **CASE TITLE** | EASTERN TRADING CO., et al. vs. REFCO, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The magistrate judge's recommended award of $5,093,706.97 for attorneys' fees and nontaxable expenses [368-1] is adopted in part. Eastern's objection [370-1] to the fee award of $154,232 on Nasir's claim against Refco is sustained. All remaining objections are overruled. Refco's motion to modify the fee award [369-1] is granted. Accordingly, Refco is awarded attorneys' fees and nontaxable expenses in the amount of $5,048,183.33, with prejudgment interest at 9.39% compounded annually. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 4 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | **325** |
| | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 9/20/2001 | |
| | | 01 SEP 21 PM 6:46 | date mailed notice | |
| SB | courtroom deputy's initials | | CB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EASTERN TRADING CO., et al.          )
                                      )
                    Plaintiff,        )   No. 97 C 6815
                                      )
v.                                    )   Suzanne B. Conlon, Judge
                                      )
REFCO, INC., et al.                   )
                                      )
                    Defendant.        )

## MEMORANDUM OPINION AND ORDER

Eastern Trading Co., Mohammad Ashraf Mohammad Amin, Mohammad Rashid Ashraf, Amir Ashraf, Nasir Ashraf, and Zahid Hussain Ashraf (collectively, "Eastern") sued Refco, Inc. and Refco Capital Corp. (collectively, "Refco") for alleged improprieties relating to currency trading in several Eastern accounts at Refco. Refco counterclaimed for breach of promissory note, breach of contract, fraudulent transfer of funds, and tortious interference with an employment relationship. Refco prevailed at trial, and requested attorneys' fees and nontaxable expenses. The matter was referred to a magistrate judge pursuant to to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. The magistrate judge recommended this court grant Refco's motion in part, and award fees and expenses in the amount of $5,093,706.97. *Eastern Trading Co. v. Refco, Inc.*, No. 97 C 6815, 2001 WL 869626 (N.D. Ill. Aug. 1, 2001). Eastern objects to the report and recommendation. In addition, Refco moves to modify the award to include fees incurred in preparing the fee petition and prejudgment interest. For the sake of brevity, a statement of facts is omitted. The court refers to the Seventh Circuit's decision in *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617 (7th Cir. 2000),

1

which contains a concise statement of facts.

## DISCUSSION

### I. Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court must "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which a specific written objection has been made." Fed. R. Civ. P. 72(b). This determination does not require a new hearing, but simply means that the court must give "fresh consideration to those issues to which specific objections have been made." *Rajaratnam v. Moyer*, 47 F.3d 922, 925 n.8 (7th Cir. 1995). The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b).

### II. Eastern's Objections to the Magistrate Judge's Report and Recommendation

#### A. Eastern's Objections

Refco seeks $5,272,826.96 for fees and expenses incurred in a jury trial that concluded in a $14 million verdict in Refco's favor. The magistrate judge rejected all but one of Eastern's 26 objections. She deducted $179,120 for fees relating to Refco's unsuccessful tortious interference counterclaim. Eastern now objects to the magistrate judge's award of $3,826,947 in legal fees: $2,095,198 for Eastern's affirmative tort claims against Refco; $154,232 for Nasir Ashraf's affirmative claim against Refco; $568,134 for Refco's claim against Zahid Ashraf; $728,220 for attachment proceedings in Europe; and $281,163 in fees for the indemnification dispute.

The validity of Refco's objections turns on whether § 5 or § 21 of the customer agreement governs the fee award. Eastern contends Refco is only entitled to recover fees in connection with

Refco's costs of collection; fees relating to Refco's defense of Eastern's tort claims should be excluded. For this assertion, Eastern relies on § 5 of the customer agreement.[1] The magistrate judge expressly rejected this argument, and applied § 21 instead. Section 21 states:

> The Partnership and each of the general partners thereof, jointly and severally agree to indemnify Refco ... against any and all liabilities, losses, damages, costs and expenses, including attorney fees' ... [Eastern] also agree[s] to pay promptly to Refco all damages, costs and expenses, including attorneys' fees, incurred by Refco in the enforcement of any of the provisions of this agreement.

The magistrate judge concluded that § 21 and § 5 were not in conflict, and rejected Eastern's attempts to construe § 5 as the more specific of § 21's general provision. In so doing, the magistrate judge noted § 5 was a self-help provision, and that section did not limit Refco's recovery of fees to proceeds obtained on its own. Furthermore, she relied upon § 5's final sentence, which states "[i]n the event Refco incurs expenses, including legal fees with respect to any account of the Partnership, the Partnership shall be liable therefor." Combined with § 21's indemnity clause, the magistrate judge determined Refco was not limited to recovering costs of collection only. Eastern asserts the same objection before this court.

Alternatively, Eastern contends Refco could not recover fees incurred in defending tort claims under § 21 because those claims are unrelated to the enforcement of the customer agreement. While the magistrate judge acknowledged the need to construe the indemnity clause narrowly, she held the fees were recoverable because Eastern asserted fraud as an affirmative defense to Refco's

---

[1] Section 5 provides, in relevant part:
"**Liquidation of Accounts**. [Eastern] shall promptly pay, upon demand, the deficit and all unpaid liabilities, together with interest thereon and all costs of collection including reasonable attorneys' fees. In the event Refco incurs expenses, including legal fees with respect to any account of the Partnership, the Partnership agrees to be liable therefor."

3

counterclaim. Refco brought a claim against Eastern to recover the debit balance Mr. Zahid incurred in Eastern's name. That debit was covered by a Refco loan that Eastern did not fully satisfy. According to the magistrate judge, Refco had to defeat Eastern's claim of fraud in order to enforce the customer agreement. Consequently, she concluded Refco's defense of Eastern's affirmative claims was integral to enforcement of the note.

Finally, Eastern objects to the award of fees relating to: (a) Refco's claim against Zahid Ashraf for breach of a promissory note; (b) Nasir Ashraf's claim against Refco for violations of the Commodity Exchange Act; and (c) Refco's efforts in Europe to freeze Eastern's assets. Eastern objects to recovery of fees for claims involving Zahid and Nasir. Eastern asserts those claims have no connection to Refco's counterclaim to enforce the customer agreement. In her report, the magistrate judge awarded fees on the Zahid claim. She determined Zahid signed the promissory note in his capacity as an Eastern partner, and the note was a result of the debit in Eastern's account. Eastern maintains the note was signed in Zahid's individual capacity only. In addition, the magistrate judge found Eastern asserted the defense of *in pari delicto* based on Refco's purported violation of the Commodity Exchange Act. On that basis, she held fees on the Nasir claim were recoverable. Eastern contends it did not assert an *in pari delicto* defense.

Eastern objects to fees incurred in attachment proceedings in Europe. Eastern asserts attachment proceedings are similar to declaratory judgment actions, which do not merit a fee award under Illinois law. The magistrate judge concluded the actions in England and Switzerland, if successful, would have assisted Refco in enforcing a favorable judgment on its counterclaim. Accordingly, the magistrate judge awarded fees and expenses.

**B.     Analysis**

*1.     Award of fees on tort claims*

In its objections, Eastern argues its tort claims were collateral to the customer agreement. Eastern continues to assert § 5 limits fee recovery to costs of collection. The magistrate judge's conclusion that § 21 of the customer agreement governs is correct. In plain language, § 21 delineates Eastern's indemnification obligations to include "all damages, costs and expenses, including attorneys' fees, incurred by Refco in the enforcement of any provision of this agreement." Section 5 is a self-help provision that determines the actions Refco may take in the event of liquidation of its accounts. In contrast, § 21 is an indemnification provision, which is directly applicable at the current stage of litigation. Moreover, § 5 provides that legal fees with respect to any partnership account are recoverable. Thus, § 5 does not limit recovery of fees to collection costs.

Next, Eastern objects to recovery of attorneys' fees for Eastern's claims and affirmative defenses under the customer agreement. For fee recovery on Eastern's claims, the inquiry turns on whether Refco's defense of Eastern's fraud claims was reasonably necessary for enforcement of the customer agreement. *Medcom Holding Co. v. Baxter Travelnol Laboratories, Inc.*, 200 F.3d 150 (7th Cir. 1996).

In *Exchange Nat'l Bank v. Daniels*, 763 F.2d 286 (7th Cir. 1985), the court found the bank's defense of the borrowers' counterclaims – alleging that the bank's employees fraudulently induced them to sign the note – was integral to enforcement of the note. The court awarded the bank attorneys' fees under the contract. *Daniels* is instructive. Refco's loan to Eastern was part of the alleged fraud because Refco awarded Eastern the loan to cover Zahid's trading losses. *See Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 621 (7th Cir. 2000). Thus, Refco's defense of Eastern's

5

fraud claims was necessary to recover its debit under the customer agreement. The Seventh Circuit recognized the relationship between Eastern's allegations of fraud and the customer agreement:

> Indeed, as the agent of the partnership, Refco, if it knew of Zahid's unfaithful dealing with his partners, had a duty to inform the partners . . . It could not hide behind the customer agreement, which authorized it to execute trades ordered by any of the general partners, including Zahid.

*Eastern Trading*, 229 F.3d at 624.

Eastern's reliance on *Medcom* does not assist in the analysis. In that case, the court found plaintiff's pursuit of punitive or treble damages under RICO could not be traced to defendant's breach of contract. However, the court did not elaborate on the reasons for its conclusion, and remanded the case to this court because it had incorrectly treated the indemnification clause as a fee-shifting statute. *Medcom*, 200 F.3d at 521. In addition, Eastern relies on *Kaiser v. Olson*, 105 Ill. App. 3d 1008, 1016-17 (1982) and *Jackson v. Oppenheim*, 553 F.2d 826 (2d Cir. 1976), where the indemnity clauses limited recovery to costs of collection. As noted above, the scope of recovery under § 21 of the customer agreement is broader. In light of § 21's broad language and the close connection between Eastern's fraud claims and Refco's breach of contract counterclaim, Refco's expenditure of fees to defend against Eastern's fraud claims was integral to its success on its counterclaim.

Additionally, Eastern asserted fraud as an affirmative defense. *See Eastern Trading Co. v. Refco, Inc.*, No 97 C 6815, 1998 WL 831834, at *9 (N.D. Ill. Nov. 25, 1998). Eastern alleged Refco engaged in fraud with Zahid that precluded enforcement of the contract. *Id.* at *9 n.3. Thus, Refco's response to the affirmative defense was necessary to succeed on its breach of contract claim. Eastern points to *Berthold Types, Ltd. v. Adobe Sys., Inc.*, No. 00 C 1490, 2001 WL 873003 (N.D. Ill. Aug. 2, 2001), a case decided after the magistrate judge issued her report and recommendation. In

*Berthold*, the court held use of a contract as an affirmative defense did not allow recovery of fees under the indemnification clause of that contract. *Id.* at *1. *Berthold* is inapplicable. *Berthold* did not bar recovery of fees for responding to contract defenses in a breach of contract claim. Rather, *Berthold* addressed whether recovery of fees under a contract is warranted when that contract is used as a defense in a separate lawsuit. In addition, the indemnity clause in *Berthold* allowed recovery of fees "in connection with the contract." That language is narrower than § 21's provision indemnifying Refco for enforcement of the customer agreement. Accordingly, the court adopts the magistrate judge's conclusion that Refco may recover for fees incurred in responding to Eastern's fraud defense.

### 2. *Claims against Zahid Ashraf*

Eastern disputes the fee award of $277,563 for Refco's claim against Zahid. Those fees were expended in a separate lawsuit in New York to secure judgment against Eastern in this case. Refco successfully attached proceeds of a $13 million judgment for Zahid. Those proceeds were used to pay Refco after the Seventh Circuit affirmed the verdict against Eastern. *See Eastern Trading*, 2001 WL 869626, at *10. Moreover, Zahid was a general partner of Eastern, and was jointly and severally liable under the customer agreement. *See* Customer Agmt. § 21. Consequently, the legal fees were incurred to enforce the customer agreement. For similar reasons, Eastern's objections to the recovery of fees expended in Refco's breach of promissory note claim against Zahid are rejected. Zahid signed the promissory note, and the note was the result of the debit in Eastern's account. *Eastern Trading*, 229 F.3d at 620. Eastern claims it was not a party to the two actions, and the customer agreement was not involved in the dispute. Those facts are immaterial. Section 21 allows indemnification of fees incurred in the enforcement of the customer agreement. Section 5 allows

7

recovery of fees for collection on *any account of the partnership*. The claims against Zahid were brought as a result of Zahid's liability as a partner of Eastern under the customer agreement. Accordingly, the magistrate judge's recommendation to award fees of $277,563 is adopted.

### 3. *Claims against Nasir Ashraf*

Eastern objects to the fee award of $154,232 incurred in defending Nasir Ashraf's claim against Refco for violations of the Commodity Exchange Act. Nasir alleged Refco transferred funds from his personal account to other entities without his approval. The magistrate judge awarded fees because of Eastern's purported use of the *in pari delicto* defense. The award of these fees is in error. The *in pari delicto* defense applies when both parties have engaged in wrongdoing. *See Eastern Trading*, 1998 WL 831834, at *9 n.3. This court previously held the *in pari delicto* defense was only available to Zahid because there was no allegation that Eastern had engaged in wrongdoing. *Id.* Similarly, Eastern could not raise the defense using Refco's mishandling of Nasir's personal funds; the defense was only available to Nasir. Furthermore, this court properly construed Eastern's purported *in pari delicto* defense as a fraud defense to enforcement of the contract. *Id.* Refco's mishandling of Nasir's personal funds is irrelevant to Eastern's fraud defense under the customer agreement. Nasir's personal account was established under a separate contract. *Eastern Trading*, 1998 WL 831834, at *2. Although Zahid traded on Nasir's personal account, the link back to the customer agreement between Eastern and Refco is too attenuated. *Id.* Consequently, Refco's defense against Nasir's claim was not integral to the recovery of the debit amount. Eastern's objection is sustained, and the award of fees is reduced by $154,232.

### 4. *Freezing of Assets*

Refco's actions to freeze Eastern's assets in England and Switzerland was integral to enforcement of the customer agreement. Those actions were taken to secure any favorable judgment Refco obtained in this court. In its objections, Eastern raises only one argument. It contends Refco's attachment proceedings are similar to declaratory judgment actions that, under Illinois law, do not merit an award of legal fees. For this proposition, Eastern cites *Wheeling Trust & Savings Bank v. Citizens National Bank*, 142 Ill.App.3d 333 (1986). *Wheeling Trust* is irrelevant. In that case, the court held fees incurred in plaintiff's declaratory judgment action to determine the applicable interest rate were unrecoverable. Eastern relies on the court's statement that a fee award was unwarranted because the action was brought to determine rights, "not to enforce the obligations of the parties as contemplated by the contract provision for attorney fees." *Wheeling Trust*, 142 Ill. App. 3d at 339. However, the court found the action was brought pursuant to an extension agreement that did not contain any indemnity clause. *Id.* The court rejected plaintiff's attempt to use the indemnity clause in a separate mortgage agreement to recover fees. Furthermore, the declaratory judgment action did not involve attachment proceedings. Notably, the court recognized that recovery of fees was determined by the language of the contract provision. *Id.*

The attachment proceedings fall well within the indemnity clause. Section 21 allows recovery of legal fees for enforcement of the customer agreement. The attachment proceedings were brought to facilitate recovery of the debit amount under the customer agreement. In addition, the Seventh Circuit has allowed recovery of legal fees for similar actions. *See Harter v. Iowa Grain*, 220 F.3d 554, 582 (7th Cir. 2000) (awarding fees for injunction compelling plaintiff to escrow funds from sale of assets; injunction was necessary to collect damages). Accordingly, the magistrate

judge's recommendation to award Refco $728,220 is adopted.

### 5. *Total*

Eastern's objection to the fee award on Nasir's claim against Refco is sustained. The magistrate judge's recommended fee award of $5,093,706.97 is reduced by $154,232 to $4,939,474.97.

## III. Refco's Motion to Modify the Report and Recommendation

Refco seeks to update the fee award to include expenses incurred in preparing the fee petition. Eastern objects to recovery of fees expended in briefing the indemnification issue. Section 21 allows recovery for fees incurred in enforcing the customer agreement. The indemnification clause is part of the customer agreement. Thus, nonpayment of indemnity obligations is a breach of the customer agreement. *See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 152 (7th Cir. 1996) (awarding fees on indemnification issue where indemnity clause allowed recovery for breach of contract); *cf. Central Die Casting and Mfg Co., Inc. v. Tokheim Corp.*, No. 93 C 7692, 1998 WL 160900 (N.D. Ill. Mar. 31, 1998) (fees were not recoverable because indemnification clause only allowed recovery for a specific breach of contract action). Accordingly, Refco's requested modification of the report is granted. The amount of $108,708.36 is added to the total award.

In addition, Refco seeks prejudgment interest on the award. Eastern does not dispute prejudgment interest is warranted. *See Medcom*, 200 F.3d at 519 (prejudgment interest is appropriate in fee award under an indemnity clause). The parties dispute the applicable rate of prejudgment interest. Under § 7, Eastern agreed it would "be liable to Refco for interest on amounts due from [Eastern] to Refco at the rates customarily charged by Refco." Section 7 is dispositive on the

prejudgment interest rate. *Id.* at 520 (where the parties have agreed on a prejudgment interest rate, that rate governs). Eastern's argument that this rate applies only to brokerage and commission fees is unavailing. Section 7 is entitled "Charges" and establishes brokerage and commission fees, and the interest rates on amounts due to Refco. The plain language of § 7 is unambiguous.

Refco submits the affidavit of Joseph P. Collins, which states Refco customarily charges its clients interest at the prime rate, plus one percent. *See* Refco's Mot. for Modification, Ex. 1 at ¶ 6. Mr. Collins attests he has personal knowledge of Refco's customary rate. *Id.* at ¶ 1. The applicable prime rate is the average prime rate for the time period in question. *Cement Division, Nat'l Gypsum Co. v. City of Milwaukee*, 31 F.3d 581, 587 (7th Cir. 1994). Refco paid attorneys' fees and expenses from January 1998 to August 2001. During that time period, the average prime rate was 8.39%. *See* Refco's Mot. for Modification, Ex. 4. Accordingly, the appropriate prejudgment interest rate is 9.39% (8.39% + 1%). Interest began to accrue on the date Refco paid the fees to its attorneys. *See Medcom*, 200 F.3d at 519 (prejudgment compensates for loss of time value of money).

Refco seeks prejudgment interest compounded monthly. The decision to award interest compounded monthly is within the court's discretion. *City of Milwaukee*, 31 F.3d at 587. Section 7 does not require the award of interest to be compounded monthly. Nor does Refco's evidence of the rate it customarily charges clients establish that interest is compounded monthly. *See* Refco's Mot. for Modification, Ex. 4. In light of the contract's silence, prejudgment interest will be compounded annually.

## CONCLUSION

The magistrate judge's recommended award of $5,093,706.97 for attorneys' fees and nontaxable expenses is adopted in part. Eastern's objection to the fee award of $154,232 on Nasir's claim against Refco is sustained. All remaining objections are overruled. Refco's motion to increase the fee award by $108,708.36 is granted. Accordingly, Refco is awarded attorneys' fees and nontaxable expenses in the amount of $5,048,183.33, with prejudgment interest at 9.39% compounded annually.

September 20, 2001

ENTER:

Suzanne B. Conlon
United States District Judge